UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD DENNIS MILES, | Case No. 25-cv-10110-JST |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS COMPLAINT WITH PREJUDICE** |
| TRANSDEV NORTH AMERICA, INC., | Re: ECF No. 8 |
| Defendant. | |

Now before the Court is Defendant Transdev Services, Inc.'s[1] motion to dismiss the complaint. ECF No. 8. Plaintiff has not opposed the motion. The Court will grant it.

Plaintiff Reginald Miles's claim for breach of contract fails because there is no contract between the parties. In California, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Here, although Plaintiff pleads—implausibly—that Transdev "executed a Promissory Note in [his] favor for $1,000,000.00," ECF No. 1-2 at 8, the purported promissory note attached to the complaint is signed only by Miles and not by Transdev. Thus, there is no contract between the parties.

Miles's claim for common count (money had and received) also fails. The elements of that claim are (1) that the defendant received money that was intended to be used for the benefit of the plaintiff; (2) that the money was not used for the benefit of the plaintiff; and (3) that the defendant has not given the money to the plaintiff. CACI 370; *Avidor v. Sutter's Place, Inc.*, 212 Cal. App.

---

[1] Defendant Transdev Services, Inc. was improperly served as Transdev North America, Inc.

4th 1439, 1454 (2013). Miles appears to base this claim on damages he allegedly suffered from the termination of his employment with Transdev. His claims against Transdev in that regard are the subject of a separate lawsuit, *Miles v. Transdev North America, Inc.*, Case No. 4:25-cv-03924-JST (N.D. Cal.). But he does not allege—either in this lawsuit or in that one—that Transdev actually received money intended to be used for Miles's benefit. Accordingly, this claim also fails.

Miles's last claim is for declaratory relief. He seeks a declaration that "Defendant is indebted [to Plaintiff] in the sum of $1,000,000 plus accrued interest." ECF No. 1-2 at 6. Miles fails to state a claim for declaratory relief, however, because no underlying claim exists. *Mitchell v. Nat'l Auto. & Cas. Ins. Co.*, 38 Cal. App. 3d 599, 606 (1974); Cal. Code Civ. Proc., § 1060.

For the foregoing reasons, Transdev's motion to dismiss the complaint is granted. Given Miles's lack of opposition to the motion and the palpable implausibility of his claims, the Court concludes that amendment would be futile and denies leave to amend. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 27, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California